UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRIAN JAMES HAMILTON** | * | **CIVIL NO. 6:09cv1698** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **WARDEN RONNIE R. HOLT** | * | **MAGISTRATE JUDGE HILL** |

<u>REPORT AND RECOMMENDATION</u>

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

For the reasons which follow, the undersigned recommends that the government's Motion to Dismiss [rec. doc. 9] be **GRANTED**, and accordingly, that this action be **DISMISSED WITHOUT PREJUDICE** because Hamilton has failed to exhaust administrative remedies available to him within the BOP and because this court lacks jurisdiction over the respondent Warden.

<u>STATEMENT OF CLAIM</u>

Before the Court is the government's Motion to Dismiss filed in response to the Petition for Writ of *Habeas Corpus* filed on September 28, 2009 by *pro se* petitioner, Brian James Hamilton ("Hamilton"), pursuant to 28 U.S.C. § 2241. [rec. doc. 9]. Hamilton is currently incarcerated at the Federal Correctional Institution in Beaumont, Texas. However, at the time the petition was filed, Hamilton was incarcerated at the United States Penitentiary Canaan, located in Waymart, Pennsylvania. Hamilton names USP Canaan Warden Ronnie R. Holt as the sole respondent.

In his petition, Hamilton asserts that he has been denied credit for time served from March 30, 2006 until September 15, 2006, after he was removed from state custody while awaiting his federal sentencing. Although Hamilton asserts in his petition that he has exhausted his sentencing computation claim through the administrative procedure applicable to Bureau of Prison inmates, submitting copies of his Request for Administrative Remedy filed with the Warden of USP Canaan and Regional Administrative Remedy Appeal filed with the Regional Director, the respondent has filed competent evidence which reveals that Hamilton has not fully and properly exhausted the administrative remedy procedure, by failing to file a Central Office Administrative Remedy Appeal with the General Counsel, before filing the instant action. [rec. doc. 9-3, Declaration of Mike Flagor Paralegal Specialist, United States Department of Justice, Federal Bureau of Prisons; rec. doc. 8].

The respondent has further filed competent evidence that Hamilton has never been incarcerated within the jurisdiction of the United States District Court for the Western District of Louisiana since the filing of this action, and more specifically, that he was not incarcerated within this Court's jurisdiction on the date the petition was filed or anytime thereafter. [*Id.*].

Hamilton has not filed Opposition to the instant Motion.

## LAW AND ANALYSIS

**Exhaustion of Administrative Remedies**

In the administration of federal prisoners, primary responsibility for supervision is delegated by statute to the Bureau of Prisons under the direction of the Attorney General. 18 U.S.C. § § 4001 and 4042. The Bureau of Prisons has promulgated rules and regulations through which an inmate may seek formal review of a complaint regarding any aspect of his imprisonment. *See* 28 C.F.R. §542.10 et seq. Such review entails a three level process. The first step requires that relief be sought from the Warden of the institution on the BOP approved form (BP-9). 28 C.F.R. § 542.14. The second step requires submission of an appeal, on the BOP approved form (BP-10), to the Regional Director for the region where the inmate is located. 28 C.F.R. § 542.15. The third and final step in the administrative process requires the inmate to appeal, on the BOP approved form (BP-11), to the General Counsel at the Central Office located in Washington, D.C. 28 C.F.R. § 542.15 ("Appeal to the General Counsel is the final administrative appeal."); *see also Shah v. Quinlin*, 901 F.2d 1241, 1243 (5th Cir. 1990) (outlining the administrative procedure).

The United States Court of Appeals, Fifth Circuit, has held that a petitioner seeking *habeas corpus* relief under 28 U.S.C. § 2241 is required to fully exhaust his administrative remedies prior to filing suit in federal court. *Rourke v. Thompson*, 11 F.3d 47 (5th Cir. 1993); *Poer v. Miles*, 263 F.3d 162 (5th Cir. 2001) (unpublished); *Thomason v. Guzik*, 226 F.3d 642 (5th Cir. 2000) (unpublished); *Day v. Seanez*, 24 F.3d 238 (5th Cir. 1994) (unpublished); *United States v. Dowling,* 962 F.2d 390, 393 (5th Cir.1992) (exhaustion of administrative remedies is prerequisite to judicial review of credit for time spent in presentence

detention); *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir.1994) (§ 2241 challenge to parole commission determination); *See also United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 1355 (1992) citing 28 C.F.R. § 542.10-542.16 ("Federal regulations have afforded federal prisoners administrative review of the computation of their credits and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies."). In *Rourke* the court stated:

> [T]his court has determined that a § 2241 petitioner "must first exhaust his administrative remedies through the Bureau of Prisons." *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990); see also *Lundy v. Osborn*, 555 F.2d 534, 534-535 (5th Cir. 1977) ("[G]rievances of prisoners concerning prison administration should be presented to the Bureau [of Prisons] through the available administrative channels. Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.").

Moreover, the exhaustion doctrine requires that a petitioner first pursue *all* prescribed administrative remedies which might provide appropriate relief before seeking relief from the federal courts. *Day v. Seanez*, 24 F.3d 238 at n.1 *citing Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir.1991) (internal quotation and citation omitted); *Herrera-Villatoro v. Driver*, 269 Fed.Appx. 372, 373 (5th Cir. 2008) (unpublished) *citing Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2386-87, 165 L.Ed.2d 368 (2006) (affirming dismissal for failure to exhaust because the petitioner did not complete the final step of the administrative process provided by the Federal Bureau of Prisons, appeal to the Central Office); *Irwin v. Hawk*, 40 F.3d 347, 349 fn. 2 (11th Cir. 1994) ("An inmate has not fully exhausted his administrative remedies until he has appealed through all three

levels."); *See also Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (noting that "[p]risoners must now exhaust all 'available' remedies . . . [and that] exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983.").

In the present case, the record reveals that petitioner has failed to fully exhaust administrative procedures prior to filing suit. The documents filed by petitioner do not include a copy of any appeal to the General Counsel. To the contrary, petitioner has submitted only copies of his grievance to the Warden and his appeal to the Regional Director. [rec. doc. 8]. Moreover, the government has demonstrated that petitioner failed to appeal to the General Counsel at the Central Office located in Washington, D.C., as required before proceeding herein. The Declaration of Mike Flagor, Paralegal Specialist for the United States Department of Justice, Federal Bureau of Prisons, establishes that Hamilton did not properly and fully complete the administrative process, as he did not file an appeal to the General Counsel. [rec. doc. 9-3]. Accordingly, this action should be dismissed without prejudice on grounds that plaintiff has failed to fully exhaust administrative remedies available to him within the BOP.

**Jurisdiction**

Moreover, even if Hamilton had fully and properly exhausted administrative remedies, this court does not have jurisdiction to entertain petitioner's challenge to his sentence computation by the Bureau of Prisons. The only proper respondent to a *habeas*

petition is the immediate custodian of the petitioner, who possesses the power to produce the petitioner before the court. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-435, 124 S.Ct. 2711 (2004) (citations omitted). Thus, to entertain a § 2241 *habeas* petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner and his custodian. *Rumsfeld*, 542 U.S. at 442-443; *Gabor*, 905 F.2d at 78 *citing Blau v. United States*, 566 F.2d 526, 527 (5th Cir.1978), and *McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir.1978), *cert. denied*, 439 U.S. 1077, 99 S.Ct. 854, 59 L.Ed.2d 45 (1979). Accordingly, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld*, 542 U.S. at 447.

Hamilton filed the instant § 2241 petition on September 28, 2009, while he was incarcerated in a Pennsylvania federal penitentiary, USP Canaan, where Warden Ronnie R. Holt served as his immediate custodian. [rec. doc. 9-3]. Since the filing of this petition, Hamilton has been transferred to a Texas federal correctional institution, FCI Beaumont, after having spent four days while in transit in an Oklahoma federal facility, FTC Oklahoma City. [*See Id.*]. Indeed, since the filing of this petition, Hamilton has never been incarcerated within the Western District of Louisiana. [*See Id.*]. Therefore, the Western District of Louisiana lacks jurisdiction over both petitioner and his immediate custodian to afford Hamilton the relief he requests. *Gabor* and *Rumsfeld, supra*. Accordingly, this action should be dismissed without prejudice on grounds that

this court lacks jurisdiction over the respondent Warden.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th 1996).**

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, December 22, 2009.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE